## Max Fritzsch, Appellee, v. Clara Pritikin, Appellant.
## Gen. No. 16,429.

1. CONTRACTS—*for electrical work.* Where a contract provides for electrical work on the first story of certain premises, the contractor, on filing a bill to enforce a mechanic's lien, cannot be charged with the cost of extending the supply wires to the premises in question.

2. CONTRACTS—*how construed.* It is the duty of the court, in construing a contract, to discover and give effect to the intention of the parties, and greater regard should be had to the clear intent than to any particular words.

3. CONTRACTS—*what considered in construing.* To determine the meaning of a contract, the facts and circumstances attending its execution should be considered, including the relations of the parties, the nature and situation of the subject-matter, and the apparent purpose of the instrument.

4. CONTRACTS—*for basement and mason work construed.* Where a contract is entered into for mason work on a building, and subsequently a contract is made for the construction of a basement, providing "center wall to be common brick instead of Rubble Stone, also that all basement piers to be omitted," it was the intention of the parties that the walls provided for in the original contract should be extended to construct a basement, and the price agreed on included the extension.

5. COSTS—*who must pay on appeal.* On appeal from decrees on a bill and on a cross-bill by an intervening complainant, to enforce mechanic's liens, where the decree on the bill is affirmed, and the decree on the cross-bill is reversed, the appellant must pay the costs of the appeal from the decree on the original bill, and the cross-complainant must pay the costs on the appeal from the decree on the cross-bill.

Mechanic's lien. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded with directions. Opinion filed October 7, 1912. Rehearing denied October 21, 1912.

PARKER & HAGAN, for appellee.

SIMON STRAUS and IRA E. STRAUS, for appellant.

MR. JUSTICE BAKER delivered the opinion of the court.

Max Fritzsch filed his bill against Clara Pritikin to enforce a mechanic's lien on the building, 409 South Halsted street. He entered into a written contract with Mrs. Pritikin, by which he agreed to do the electrical work on the first story of said building for $175, according to certain plans, etc., which are not in the record. The Edison Company had stated that it would bring the service supply wires to 409 South Halsted street, but in fact only brought them to 411. Mrs. Pritikin had the supply wires extended from 411 to 409 at a cost to her of $40, and her contention is that she should be allowed that sum as a credit on her contract with Fritzsch.

The contract only required Fritzsch to do the electrical work "on premises known as 409 South Halsted street." The extension of the service supply wires beyond the premises 409 was work outside of the contract and Mrs. Pritikin was not entitled to charge Fritzsch with its cost.

The decree in favor of complainant Fritzsch is affirmed.

Appellee Leafgreen obtained leave to intervene and file a cross-bill. He filed a cross-bill against Mrs. Pritikin to enforce a mechanic's lien on the premises 409 and 411 South Halsted street. April 27, 1908, he entered into a written contract with her to furnish material and labor for the mason work for a two-story building to be erected on said premises according to certain plans, etc., for the sum of $3,200. The

mason's specifications provided that he should excavate "one foot larger than the entire surface of the building," that he should "dig trenches for the footings of all walls, areas and columns in basement," that the basement walls should be 17 inches thick, built of rubble limestone and carried up to grade. Under the original contract there was to be no excavation for a basement. The south wall was to extend ten feet below the first floor; the other outside walls and the center wall only four feet, and there was to be a large number of basement piers. May 19, 1908, the parties entered into the following contract:

"CHICAGO, ILLINOIS, May 19, 1908.
MESSRS. LEAFGREEN CONSTRUCTION CO.,
    145 La Salle Street, City:
I hereby wish to authorize you to excavate the basement at 409-411 South Halsted street, 7' 4" below sidewalk, for which I agree to pay you the sum of Eleven Hundred and 00/100 Dollars. Center wall to be common brick instead of Rubble Stone, also that all basement piers to be omitted.
                        Yours very truly,
                            P. PRITIKIN,
                        For CLARA PRITIKIN."
"Accepted May 19, 1908.
        LEAFGREEN CONSTRUCTION CO.
            By B. A. Leafgreen."
Because of the lowering of the center wall the basement piers were not required and they were omitted.

In construing a contract it is the duty of the court, where it is practicable to do so, to discover and give effect to the intention of the parties, so that the performance of the contract may be enforced according to the sense in which it was made, and greater regard is to be had to the clear intent, where ascertained, than to any particular words which may have been used in the expression of that intent. In interpreting a writing the court, in order to determine its meaning, will consider all the facts and circumstances attending its execution. Among the circumstances so considered

are the relations of the parties, the nature and situation of the subject matter, and the apparent purpose of making the instrument in question. When the contract of May 19th was made there was a contract in existence between the parties, whereby Leafgreen was to do the mason work of the building to be erected on the premises 409-411 South Halsted street. The new contract provided for the excavation for a basement under said building. By the original contract Leafgreen was required to erect the walls of the height required by the plans. The manifest purpose of the parties in making the second contract was to construct a basement under the building and this required the extension of the walls other than the south wall. We think that the intention of the parties was that such walls should be extended by Leafgreen and that the compensation agreed on included the extension of the walls. This view finds support in the provision that the center wall should be of brick in place of stone, and that the basement piers should be omitted. To hold that the contract did not require Leafgreen, the mason contractor, to extend the walls would be to hold that Leafgreen was only bound to carry the walls down the depth required by the original contract, and that the owner was to erect so much of the walls as was required by the second contract. This construction is not warranted even by a literal reading of the second contract, and certainly not by its plain meaning as gathered from a consideration of the whole instrument in the light of the circumstances surrounding the parties at the time it was made and of the objects which they evidently had in view. The decree allows to Leafgreen $334.30 for rubble stone work in basement and $114.14 for brick in basement, and said sums form a part of the decree for $1,454.57 in favor of Leafgreen, from which Mrs. Pritikin appealed. The other allowances made to Leafgreen by the decree were proper, as was the allowance of credits to Mrs. Pritikin.

The decree on the cross-bill in favor of Leafgreen will be reversed and the cause remanded to the Circuit Court, with directions to that Court to disallow Leafgreen's claims for $334.30 extras for rubble stone work in basement, and for $114.14 for brick in basement, and enter a decree in favor of Leafgreen for $984.13 with interest at five per cent from September 10, 1909.

The costs in this court on the appeal from the decree on the original bill will be paid by appellant Pritikin, and the costs on the appeal from the decree on the cross-bill will be paid by appellee Leafgreen.

*Reversed and remanded with directions.*